**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| MAURICE MOORE, | ) | CASE NO. 4:20-cv-01786 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| SHELDON EDWARDS, Warden, | ) | |
| | ) | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) | |

This matter is before the Court on the Report and Recommendation of Magistrate Judge Darrell A. Clay. (R. 26).[1] Petitioner Maurice Moore, *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 raising ten grounds for relief. (R. 1). Respondent Warden Sheldon Edwards filed the Return of Writ. (R. 9). Petitioner filed the Traverse to the Return (R. 13), and Respondent filed a Reply. (R. 14). The Magistrate Judge issued a Report and Recommendation (R&R) on July 7, 2023, that recommended the Court dismiss the petition in part as procedurally defaulted and/or non-cognizable and to deny the petition in part on the merits. (R. 26, PageID#: 1778, 1782). After receiving an enlargement of time, Petitioner filed Objections to the R&R on August 28, 2023 (R. 29). Respondent has not responded to those Objections. The matter is ripe for review.

**I. Standard of Review**

When a magistrate judge submits a Report and Recommendation, the Court is required to

---

[1] This case was referred to the magistrate judge pursuant to Local Rule 72.2.

conduct a *de novo* review of those portions of the Report to which proper objection has been made. Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b). However, "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *accord Austin v. Comm'r of Soc. Sec.*, 2021 WL 1540389, at *4 (N.D. Ohio Apr. 19, 2021) (finding that a general objection that merely restates an argument previously presented or simply voices a disagreement with a magistrate judge's suggested resolution "has the same effects as would a failure to object" (citation omitted)). The text of Federal Rule of Civil Procedure 72(b)(3) addresses only the review of reports to which objections have been made, but does not specify any standard of review for those reports to which no objections have lodged. The Advisory Committee on Civil Rules commented on a district court's review of unopposed reports by magistrate judges. In regard to subsection (b) of Rule 72, the Advisory Committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 Advisory Committee's notes (*citing Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879)).

**II. Facts and Procedure**

The Court adopts the R&R's summary of the facts and procedural background of this case (R. 26, PageID#: 1755-1769), and further summarizes herein information pertinent to its review of the R&R.

A. State proceedings

On June 10, 2015, Moore was sentenced by the Trumbull County Common Pleas Court to eight years in prison after his conviction at jury trial of one count of burglary, such sentence to

be served consecutively "to any other sentence imposed upon the Defendant by any other Court." (*Id*., PageID#: 1755-57). Moore represented himself at trial. (*Id*., PageID#: 1757). He thereupon also elected to proceed *pro se* on his direct appeal to the Ohio appeals court, which, after rejecting an appellate brief filed *pro se* by Moore, appointed counsel for Moore before accepting an appellate brief filed by appointed counsel. (*Id.*, PageID#: 1758-59). In July 2017, the appeals court affirmed the conviction but reversed the trial court's sentencing decision and remanded for the trial court to clarify the nature of the consecutive sentence imposed. (*Id*., PageID#: 1759-60); (R. 9-1, PageID#: 476-77, 479).

Moore, *pro se*, filed an untimely notice of appeal to the Supreme Court of Ohio, along with a motion to file a delayed appeal. (*Id*., PageID#: 1760). The Ohio Supreme Court denied that motion and dismissed Moore's appeal. (*Id.*).

While his direct appeal was pending, Moore unsuccessfully sought to reopen his appeal under Rule 26(B) of the Ohio Rules of Civil Procedure, with the Ohio Supreme Court ultimately declining jurisdiction over Moore's subsequent appeal. (*Id*., PageID#: 1760-61).

Meanwhile, Moore was re-sentenced on October 12, 2017, and the trial court specifically re-sentenced him to eight years in prison to be served consecutively to the sentence imposed on Moore by the Summit County Court in 2013. (*Id*., PageID#: 1762). Moore, *pro se*, appealed from the re-sentencing, objecting to the fact that it was done by a *nunc pro tunc* entry without his presence in court. (*Id*., PageID#: 1761-62). The appellate court agreed with Moore and on May 7, 2018, again remanded the matter for another re-sentencing. (*Id*., PageID#: 1762).

On May 31, 2018, the trial court, with Moore present, again re-sentenced him to eight years in prison. (*Id*., PageID#: 1762). Moore, through counsel, timely appealed and the Ohio appellate court then affirmed the action of the trial court. (*Id*., PageID#: 1762-63). Moore, *pro se*,

appealed to the Supreme Court of Ohio which, on October 15, 2019, declined jurisdiction. (*Id.*, PageID#: 1763).

While the second re-sentencing and subsequent appeal was pending, Moore, *pro se*, moved the Ohio appeals court to reconsider its earlier denial of his attempt to re-open his direct appeal. (*Id.*, PageID#: 1763). The appeals court denied the motion, and, on February 4, 2020, the Supreme Court of Ohio declined jurisdiction over Moore's *pro se* appeal from that decision. (*Id.*).

Also, while the above matters were pending, Moore, *pro se*, filed for a writ of mandamus from the Ohio Supreme Court seeking to compel the administrative judge of the Trumbull County Common Pleas Court and the prosecuting attorney to bring criminal charges against several judges, prosecutors, detectives, and witnesses involved in his original trial. (*Id.*, PageID#: 1764). The Ohio Supreme Court granted the State's motion to dismiss. (*Id.*).

Then, on March 2, 2020, Moore, *pro se,* filed a motion with the Ohio appeals court for relief from judgment. (*Id.*, PageID#: 1765). The appellate court overruled the motion, finding that the issues raised were barred by *res judicata*. (*Id.*).

B.  Federal habeas petition

Without restating in full the grounds raised in Moore's 16-page petition and 63-page brief filed on August 12, 2020, (R. 1, PageID#: 1-16, 28-90), the Court summarizes them as follows, with a more complete restatement *infra* as relevant to analyzing Moore's objections to the R&R: 1) trial court erred in permitting Moore to waive his right to counsel; 2) trial court erred by not enforcing Moore's subpoenas; 3) trial court erred by failing to help Moore secure an expert witness; 4) trial court abused discretion in ruling on motions; 5) state violated due process by not providing requested items prior to trial; 6) trial court erred by imposing consecutive sentences

without required findings; 7) right against self-incrimination violated when harsher sentence imposed because of lack of remorse; 8) court costs imposed at sentencing when defendant unable to pay violated protection against cruel and unusual punishments; 9) five claims of ineffective assistance of first appellate counsel; 10) four claims of ineffective assistance of second appellate counsel. (R. 1, PageID#: 8-13).

The State's fifty-two page return of the writ (R. 9) argued, *inter alia*, that Grounds One through Eight were procedurally defaulted because Petitioner did not timely appeal from the Ohio appellate court's decision on direct appeal. (*Id*., PageID#: 115-17). Further, it argued that the Ninth Ground should be denied on the merits because the decision of the Ohio appeals court on this matter was not an unreasonable application of the clearly established federal law of *Faretta v. California*, 422 U.S. 806 (1975) (R. 9, PageID#: 150) or because appellate counsel cannot be ineffective for not raising a meritless claim. (*Id.,* PageID#: 152). It also maintained that the Tenth Ground should be denied on the merits because the Ohio appeals court decision was not an unreasonable application of *Jones v. Barnes*, 463 U.S. 745 (1975), which holds that appellate counsel may select the most promising issues for appeal. (R. 9. PageID#: 157).

The Magistrate Judge recommended that Grounds One through Eight should be dismissed as procedurally defaulted (R. 26, PageID#: 1778-1781) and that Grounds Nine and Ten should be dismissed on the merits. (R. 26, PageID#: 1803-1812). Alternatively, the Magistrate Judge recommended that the procedurally defaulted grounds be denied on the merits or dismissed as involving non-cognizable state law claims.

### III. Discussion

The Court has reviewed the extensive 61-page R&R, finds that it both thoroughly analyzed the Petitioner's grounds for relief and fully supported its reasoning and findings; and

5

further finds no plain error. By contrast, Petitioner's objections (R. 29) do not sufficiently allege any specific legal deficiencies in the R&R. Rather, Petitioner seeks to raise entirely new issues that are not proper objections and cannot be considered at this juncture or he presents general objections that simply re-argue the original claims of the petition without reference to the R&R's reasoning that recommended either dismissing or denying the claims and arguments.

The Court considers Petitioner's first objection as a general objection to the duration between the petition's filing and the R&R's issuance. While not a proper objection to the R&R, the Court has reviewed it, notes that it relies on inapposite citations relevant to state court proceedings, and fails to support any pertinent procedural, statutory or constitutional issue. The extensive 61-page R&R thoroughly analyzed each of Petitioner's ten grounds for relief and fully supported its reasoning and findings. The Court finds no plain error and overrules the first objection.

Next, Moore objects to certain factual findings made by the state appellate court. (R. 29, PageID#: 1821-25). These objections begin with findings and decisions of the municipal court where this matter began (*id.*, PageID#: 1821), continue to decisions of the Ohio Common Pleas Court (*id.*, PageID#: 1822-23), including the veracity of the victim's incident report and the DNA evidence, before concluding with Moore's mandamus complaint about being denied expert witnesses and compulsory process. (*Id.*, PageID#: 1824-25).

To the extent that these issues are relevant to Grounds One through Five of the original habeas petition, the R&R concluded that these grounds were procedurally defaulted because Moore did not timely appeal to the Ohio Supreme Court from the Ohio appellate court decision that addressed these issues. (R. 26, PageID#: 1781). Moore's objection to the R&R seeks to overcome the procedural default by reiterating the argument he made in his traverse: that the

delay in seeking an appeal to the Ohio Supreme Court was because the prison mail system was itself late in sending out his legal mail. (R. 29, PageID#: 1826).

The R&R, however, directly addressed this assertion, finding that "nothing in the record supports Mr. Moore's claim that he timely submitted his documents to prison officials for mailing." (R. 26, PageID#: 1780). The R&R specifically determined that Moore's "own self-serving affidavit" regarding when he submitted his material for mailing, without any supporting evidence, was, in light of the Sixth Circuit precedent of *Freeman v. Trombley*, 483 F. App'x 51, 58-59 (6th Cir. 2012), both "inherently suspect" and "unreliable," and so "must be reviewed with great skepticism." (R. 26, PageID#: 1780). Considering Petitioner's objection, the R&R, and the pertinent record, the Court agrees with and adopts the R&R.

Simply re-stating his original unavailing argument against procedural default without any additional support, as the R&R noted was lacking, fails to identify any legal deficiency in the R&R and fails to challenge the R&R's conclusions regarding procedural default. Thus, the objections that are grounded in claims that were procedurally defaulted also cannot point to clear error in the R&R and they are overruled.

In the last five pages of the objections, Petitioner raises six additional arguments that the Court construes as objections asserting the following: 1) the Ohio appeals court erred in finding that his initial Rule 26(B) motion was premature; 2) DNA evidence that Petitioner was purportedly denied at trial constitutes "new evidence" of innocence; 3) acts of standby trial counsel, the trial judge and the prosecutor "undermined" Petitioner's *pro se* defense at trial; 4) Petitioner was impeded in serving trial subpoenas; 5) Petitioner had to file for an extension of time for his initial direct appeal because the clerk of courts at the trial court did not send out the trial transcript on time; and 6) Petitioner was denied due process at trial due to absence of a "fair

and public trial." (R. 29, PageID#: 1826-30).

Finally, in the conclusion to the Petitioner's motion to object (*id.*, Page ID No 1830), Petitioner raises another series of five briefly articulated objections/arguments: 1) the record here is "incomplete" and "cannot be relied upon;" 2) request for an evidentiary hearing; 3) Petitioner should have had the right to challenge on appeal the admissibility of certain evidence; 4) Petitioner never got a copy of the search warrant or affidavit of probable cause; and 5) failure to grant Petitioner's claims would "result in a miscarriage of justice."

Many of these objections merely disagree with the Magistrate Judge's conclusions, as they reiterate the same arguments Petitioner raised before the Magistrate Judge and which the Magistrate Judge analyzed and rejected in the R&R. Again, these are considered general objections, and the Court finding no plain error in the R&R overrules them. Others are untimely attempts to now contest items in the record or to make an untimely request for an evidentiary hearing. Still others are attempts to impermissibly broaden the scope of a federal habeas review to consider purely state law issues such as the timing for a state court clerk of courts to send out the trial transcript and the state appeals court's decision regarding state appellate procedural rules.

The R&R has already thoroughly addressed the relevant federal Constitutional issues raised in Petitioner's petition and concluded that they were precluded from consideration here by Petitioner's unexcused procedural default. To that point, the R&R examined the reasoning offered by Petitioner to excuse the default and as noted above, found it unsupported. Considering Petitioner's objections, the R&R, and the pertinent record, the Court agrees with and adopts the R&R, and overrules the objections.

As to assertions that seek to raise new issues, argue matters of state law, or impermissibly

8

now seek to have an evidentiary hearing, they fail to present proper objections to the R&R, lack merit, are untimely and beyond the scope of habeas review.

### IV. Conclusion

The Petitioner's objections (R. 29) are hereby OVERRULED for the reasons stated and the Magistrate Judge's Report and Recommendation (R. 26) is hereby ADOPTED. The Petition (R. 1) is hereby DISMISSED in part and DENIED in part, as is more fully set forth in the R&R which is incorporated by reference.

Pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b), the Court finds that there is not a sufficient basis to issue a certificate of appealability and so declines to issue such a certificate.

IT IS SO ORDERED.


Date: September 30, 2023         s/ *David A. Ruiz*
                                 David A. Ruiz
                                 United States District Judge